UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| **ANTOINE DESHAWN BARNES,** | ) | Case No. CV 17-3670-PA(AJW) |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| v. | ) | DISMISSING PETITION |
| | ) | |
| **NEW FOLSOM STATE PRISON WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner was convicted of indecent exposure. On February 24, 2017, he was sentenced to state prison for a term of 32 months. [Petition at 2].

On May 1, 2017, petitioner filed a petition for a writ of habeas corpus in this Court. The petition does not challenge petitioner's conviction. Instead, it challenges the state court's denial of his request for relief under Proposition 57.[1] For the following reasons,

---

[1] Proposition 57("The Public Safety and Rehabilitation Act of 2016") was approved by California voters at the November 8, 2016 general election and took effect the next day. See People v. Mendoza, 10 Cal. App. 5th 327, 343 (2017), petition for review filed, May 8, 2017. Among other things, Proposition 57 changed parole eligibility for adults and juveniles tried in adult court. Mendoza, 10 Cal. App. 5th at 343-344.

the petition is subject to summary dismissal.[2]

Federal habeas relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws or treaties of the United States; it is not available for errors in the interpretation or application of state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner does not allege that he has been deprived of any federally protected right. Instead, his claims are based solely upon alleged errors of state law. As a result, the petition fails to state a cognizable federal claim for relief. See, e.g., Myles v. Rackley, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016) (dismissing a challenge to the state court's failure to resentence the petitioner under Proposition 47 – which permits resentencing of prisoners who are serving a sentence for a conviction of a felony that would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense – on ground that "[f]ederal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by a state court"), report and recommendation adopted, 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) ; Adams v. Borders, 2016 WL 4523163, at *3, 2016 (C.D. Cal. July 29, 2016)("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim ... is not sufficient to render it cognizable."), report and recommendation adopted, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016).

Even if petitioner's allegations were construed as raising a

---

[2] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

cognizable federal claim, no such claim has been exhausted. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Exhaustion requires that a petitioner "fairly present" his federal claims to the highest available state court. Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008). Petitioner filed a petition in the California Supreme Court on April 19, 2017, but that petition remains pending. See http://appellatecases.courtinfo.ca.gov. (California Supreme Court Case No. S241374).

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice.

**It is so ordered.**

Dated: June 17, 2017

Percy Anderson
United States District Judge